IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PRO STAR LOGISTICS,<br><br>    Plaintiff,<br><br>v.<br><br>BLUESTEM BRANDS,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING ACTION<br><br>Case No. 2:20-cv-00141-JNP-DAO<br><br>District Judge Jill N. Parrish |

The court ordered Pro Star Logistics to state whether the automatic bankruptcy stay remained in effect and, if so, whether the automatic stay prohibited the court from dismissing this action. The court also ordered Pro Star to show cause why this court should not dismiss this action for a failure to prosecute. The court gave Pro Star until November 17, 2022 to respond. Pro Star disregarded the court's order and failed to file a response.

It is unclear whether the automatic stay has been lifted. But regardless of whether the stay remains in effect, the court may dismiss this action. The automatic bankruptcy stay prohibits "all entities" from "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor." 11 U.S.C. § 362(a). Because the dismissal of an action does not constitute the commencement or continuation of a legal action, the automatic stay does not apply. *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1110 (9th Cir. 2006) ("[T]he dismissal for failure to prosecute was not void because it did not constitute a 'continuation' of a judicial proceeding against the debtor under 11 U.S.C. § 362(a)(1)."); *Dennis v. A.H. Robins Co.*, 860 F.2d 871, 872 (8th Cir. 1988)

(automatic stay did not prohibit court from dismissing an action against the debtor because the dismissal was not "inconsistent with the purpose of the automatic stay").

Because any stay in effect would not preclude dismissal of this action, the court turns to the matter of Pro Star's failure to respond to the court's order. This failure to respond merits dismissal for two reasons. First, the court dismisses Pro Star's action for failing to obey the court's order to show cause. *See* FED. R. CIV. P. 16(f)(1), 37(b)(2)(A). Second, Pro Star has indicated that it has no intent to prosecute this action and has disregarded the court's order to respond to the order to show cause. Thus, the court also dismisses this action for failure to prosecute. *See* DUCivR 41-2. Dismissal is without prejudice.

DATED November 18, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge